# CIRCUIT COURT OF THE CITY OF RICHMOND

Van Alexander

v.

Stina Oquubunmi

January 28, 2005

Case No. LS-2313

BY JUDGE MELVIN R. HUGHES, JR.

The trial in this matter took place on January 19, 2005, without a jury.

The case involves a claim by Mr. Alexander, plaintiff, brought against defendant, Ms. Oquubunmi, for damages allegedly due after the defendant took possession of personal property from a house plaintiff was renting from the defendant.

Three witnesses testified: the plaintiff, a witness for the plaintiff, and the defendant. In summary, the defendant and plaintiff are landlord and tenant, respectively, with respect to property at 710 East 14th Street. Although this is not a case for unlawful detainer, the evidence revealed that the parties have a dispute with regard to rent due and owing.

During the time in question, plaintiff was out of town. While he was away, defendant obtained service of an unlawful detainer on the plaintiff by posting, returnable on July 21, 2004. When plaintiff arrived from out of town on July 22, 2004, he found the warrant posted on the door of the premises. He also found, at that time, that items of personal property he left at the residence and his truck had been removed and were missing.

Plaintiff's witness testified that he observed a green Mercedes at the residence. A gentleman accompanying the driver was seen leaving the vehicle, entering the residence, and removing items. The witness also observed the plaintiff's truck, which was in the driveway, being towed away.

Defendant testified that she owns a green Mercedes. She denied having anything to do with plaintiff's property. She said she did not herself or otherwise accompany or direct anyone to remove plaintiff's items. The independent witness testimony leads me to find for the plaintiff. Nothing was revealed in evidence that he was motivated by any interest or bias for either side in the case. His testimony is credible. Defendant's testimony is not.

So, the question then becomes one of damages. Plaintiff testified that he is a contractor and the items taken are used in his business. He has provided itemized lists of property in each category with values stated as to each item. Plaintiff claims a loss of property in three categories: carpenter tools, power tools, and electric hand tools.

The court recognizes that "opinion testimony of the owner of property, because of his relationship as owner, is competent and admissible to the question of the value of such property, regardless of his knowledge of property values." *Haynes v. Glenn*, 197 Va. 746, 750 (1956). However, the weight to be given such evidence is up to the trier of fact. *Id.* at 751.

Accordingly, considering that plaintiff testified that all his property was not new at the time of the loss and he did not otherwise produce any other evidence of value, *e.g.* sales receipts and the like, or condition, and recognizing that the goods have some value, the court makes the following award with respect to each class of property provided on plaintiff's lists: power tools, $2,000; electrical hand tools, $600; and carpenter tools, $250.